JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2315 JGB (DTBx)** | Date | January 24, 2025 |
|---|---|---|---|
| Title | ***Ryan Abair v. Alemais*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DISMISSING Action for Failure to State a Claim and Lack of Subject Matter Jurisdiction; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

## I.    BACKGROUND

On October 30, 2024, Plaintiff Ryan Abair ("Plaintiff"), proceeding pro se, filed a complaint against Defendant Alemais ("Defendant"), alleging copyright infringement and intellectual property theft. ("Complaint," Dkt. No. 1.) The same day, Plaintiff filed a request to proceed in forma pauperis. ("IFP," Dkt. No. 2.) On December 18, 2024, the Court denied Plaintiff's IFP and dismissed Plaintiff's Complaint with leave to amend. ("IFP Order," Dkt. No. 11.) The Court instructed Plaintiff to file an amended complaint no later than thirty days after the date of the IFP Order, and it warned Plaintiff that failure to timely file an amended complaint would result in dismissal of the action. (<u>Id.</u>) Plaintiff timely filed an amended complaint on December 30, 2024. ("FAC," Dkt. No. 12.)

## II.    DISCUSSION

A trial court may dismiss a case sua sponte under Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Wong v. Bell</u>, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). Such a dismissal may be made without notice where the claimant cannot possibly win relief. <u>See</u> <u>id.</u> Further, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt

arises as to [its] existence . . ." See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). Federal courts are courts of limited jurisdiction, and unlike state courts, they have no "inherent" or "general" subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—i.e., those involving diversity of citizenship, a federal question, or to which the United States is a party. See id.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that the "the citizenship of each plaintiff [must be] different from that of each defendant." See 28 U.S.C. § 1332; see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Plaintiff alleges that Defendant committed copyright infringement and/or intellectual property theft. (See Complaint; FAC.) "To state a claim for copyright infringement, [Plaintiff] must plausibly allege two things: (1) that [she] owns a valid copyright in [the works], and (2) that [Defendants] copied protected aspects of [Plaintiff's works]." Fisher v. Nissel, 2022 WL 16961479, at *2 (C.D. Cal. Aug. 15, 2022); 17 U.S.C. § 106. "A registered copyright certificate is prima facie evidence of a valid copyright." See Sweet People Apparel, Inc. v. Louis Grp., Inc., 2013 WL 12131735, at *3 (C.D. Cal. Jan. 31, 2013); Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002) ("[T]he registration is considered prima facie evidence of the validity of the copyright, which can be challenged by presenting evidence attacking the elements of a valid copyright, such as ownership, copyrightable subject matter, and originality"). When a complaint clearly "alleges that the designs have been registered, and that it holds all right, title and interest in the copyrighted designs; this is sufficient to allege this element of a copyright claim." See Sweet People Apparel, Inc., 2013 WL 12131735, at *3; see also Adams v. Jackson, 218 F. Supp. 2d 1006, 1011-12 (N.D. Ind. 2002) ("Jackson has not cited any statute or rule that requires, in addition to this allegation, that a reproduction of the copyright registration be attached to the complaint, and the court is aware of none. As a result, the complaint adequately pleads a violation of the Copyright Act pursuant to 17 U.S.C. § 501 and will not be dismissed").

Here, Plaintiff fails to state a cognizable copyright infringement claim against Defendant because she admits that she has not registered her work with the Copyright Office: "The absurdity of the[] [copyright registration requirements] leaves me grappling with the reality that 30,000 pieces can't be effectively defended under such restrictive conditions . . .; [s]pecifically, I seek the court to waive the copyright registration requirements, allowing me to pursue justice against the rampant exploitation I face." (See FAC at 1-2.) If the art in question is not registered, a copyright infringement case cannot be pursued under the general provisions of the Copyright Act. See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 299

(2019) ("... no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title") (citing 17 U.S.C. § 411(a)).  As such, Plaintiff fails to state a cognizable copyright infringement claim.

Further, claims alleging intellectual property theft are governed by California common law, over which the Court lacks subject matter jurisdiction.  See City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835, 842 (9th Cir. 2004) (common law misappropriation is covered under the umbrella of unfair competition and is "normally invoked in an effort to protect something of value not otherwise covered by patent or copyright law, trade secret law, breach of confidential relationship, or some other form of unfair competition").  Additionally, the Court cannot evaluate whether it has diversity jurisdiction over the intellectual property theft claims because Plaintiff failed to provide any information on the citizenship of the parties.  (See Complaint; FAC.)0

Accordingly, the Court sua sponte **DISMISSES** the Complaint **WITH PREJUDICE**, and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**